UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TIMOTHY FAGAN,

                                    Plaintiff,

                  -against -                              Docket # 03 CV 3787 (SJF/MLO)

AMERISOURCEBERGEN CORP.,  AMGEN INC.,        Plaintiff's Second Notice to Produce
CVS CORPORATION, PROCARE PHARMACY,        For AMERISCOURCEBERGEN
INC., and JOHN DOE CORPORATIONS 1 – 100
(fictitious names for Corporations who manufactured,
distributed, or sold the drugs that are the subject of
this suit and the containers the drugs were packaged
and/or shipped in),

                                  Defendants.
---------------------------------------------------------------X

<u>Plaintiff's Second Notice to Produce</u>

      Plaintiff propounds the attached Second Notice to Produce to Defendant AmerisourceBergen, Corp, to be responded to within the time and manner prescribed by FRCP 33.

      I hereby certify that an original of Plaintiff's First Notice to Produce along with a copy of this face sheet was mailed on the 8th day of April, 2005.

Dated: New York, New York
       April 8, 2005

                                                        Eric Turkewitz, Esq. (ET-3843)
                                                        The Turkewitz Law Firm
                                                        *Counsel for Plaintiff*
                                                        99 Park Avenue – Suite 800
                                                       New York, NY  10016
                                                       (212) 983-5900

Service List:

Merrill Gugerty, Esq.
McAndrew, Conboy & Prisco, LLP
*Attorneys for CVS ProCare*
95 Froehlich Farm Boulevard
Woodbury, NY  11797

Debra D. O'Gorman, Esq.
Dechert, LLP
*Attorneys for AmerisourceBergen*
30 Rockefeller Plaza
New York, NY  10112

## **DEFINITIONS**

For the purposes of these Document Requests, the following definitions shall apply:

1. "Pro Care" means defendant CVS Corporation and Procare Pharmacy, Inc., their accountants, agents, attorneys, brokers, directors, divisions, employees, functionaries, their present or former officers, officials, predecessors, representatives, servants, subdivisions and affiliates, and subsidiaries.

2. "Communication(s)" means any oral, written, or electronic transmission of information between persons, including but not limited to meetings, discussions, conversations, telephone calls, electronic mail, memoranda, letters, telecopies, telexes, conferences or seminars.

3. "Consulted" or "contacted" shall be deemed to include any form of communication (e.g., oral statements, descriptive actions, conversations, telephonic, or

other electronic or mechanical communications or any other type of communication including written letters or documents).

   4. "Conversation(s)" as used in these document requests refers to any manner of oral communication regardless of the medium by which such communication occurred.

   5. "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation, including an event's temporal relationship to other events.

   6. "Defendants" means the defendants in the above captioned action, their accountants, agents, attorneys, brokers, directors, divisions, employees, functionaries, present or former officers, officials, predecessors, representatives, servants, subdivisions and affiliates, and subsidiaries.

   7. "Document(s)" means (a) any written or graphic matter of any kind or character, however produced or reproduced; (b) any electronically or magnetically recorded or stored matter of any kind or character, however produced or reproduced; and (c) any other matter of any kind or character constituting the recording of any tangible information or thing, or stored in any retrievable way, by any means of communication or representation or data retention.  If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or, by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical) each non-identical copy is a separate document.

   8. "Fact(s)" refers to all evidentiary facts presently known to you and all evidentiary facts, the existence of which are presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9. "Identify," "identity," or "identification," when used in reference to a "document" means to set forth <u>separately</u>:

    (a) Its description (e.g., letter, report, memorandum, etc.);

    (b) Its title and date;

    (c) The identity of its author or signer;

    (d) The identity of its addressees and recipients; and

    (e) Its bates or other identifying number(s), if any.

10. "Interrogatories" means the Interrogatories served upon you by Plaintiff.

11. "Person" or "persons" means all natural and legal persons, including without limitation individuals, corporations, joint ventures, partnerships, companies, businesses, trusts, estates, sole proprietorships, unincorporated associations and any agency, division, subdivision, branch or department of any local, state or federal government.

12. "Possession," "custody," and "control," as used with respect to a document or other requested material, shall include, in addition to all documents currently in your possession, your attorneys or agents, any materials the location or proprietor of which is known to you, your attorneys or agents.

13. "Relating to" or "relate to" means to consist of, refer to, pertain to, reflect, or be in any way logically or factually connected with the matter discussed.

## Document and Deposition Requests

1. Identify and produce copies of all documents, memos, spreadsheets and communications relating to the Form 8-K dated April 7, 2005, filed with the Securities and Exchange Commission, insofar as it pertains to AmerisourceBergen purchasing pharmaceuticals from alternate sources to improve its margin, for the past ten years.  A copy of the form 8-K is attached.

2. Produce for deposition the signer of the document, Michael D. DiCandilo.

Dated: New York, New York
April 8, 2005

                                    The Turkewitz Law Firm
                                    Counsel for Plaintiff
                                    99 Park Avenue – Suite 800 New York, NY 10016(212) 983-5900

                                    By:     Eric Turkewitz (ET-3843)