UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TIMOTHY FAGAN,

                        Plaintiff,

        - against -

AMERISOURCEBERGEN CORP., et al.,

                        Defendants.

-----------------------------------------------------------X

**ORDER**

CV 03-3787 (SJF) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      The parties were unable to resolve a dispute as to whether the independent psychiatric examination of the plaintiff pursuant to Fed. R. Civ. P. 35 should proceed with a third person present. Specifically, plaintiff's counsel wanted to have an attorney, a paralegal assistant, a law office secretary, or a nurse present for the examination for two purposes: (a) to protect against an improper deposition of the plaintiff by the independent psychiatrist, and (b) to preserve a record of the examination.

      With respect to the former, plaintiff's counsel acknowledged that he had no basis to anticipate any impropriety on the part of the defendants in this case, their attorneys, or the psychiatrist they have engaged to perform the examination; instead, counsel's concern is based on his apparently great experience with less scrupulous attorneys and others in previous cases. Absent some specific, affirmative reason to believe that anyone involved in this case will act improperly, and in light of the nature of a psychiatric examination, I will not require or permit a third person to intrude upon the examination merely to quell cynical concerns that have no basis

in this case. Moreover, of the several candidates counsel proposed to guard against improprieties, it is by no means apparent that a paralegal assistant, a secretary, or a nurse would have the training necessary to spot and object to a legally inappropriate turn of events in the examination. Finally, should any impropriety occur, the plaintiff will not lack options to avert prejudice to his case: he may, if warranted, seek to preclude evidence or secure other sanctions to ensure that the fruits of a tainted examination are not brought before the fact-finder.

As to the desire for a record of the examination, the request is not unreasonable, but it is in tension with the defendant's legitimate interest in an accurate psychiatric examination. I have no doubt that the presence of an advocate can only undermine the frank communication between the psychiatrist and the plaintiff necessary to the task at hand. In addition, to the extent the examining psychiatrist later testifies as to her opinion of the plaintiff's psychiatric condition, she may be subject to cross-examination on the basis of her notes of the examination or other contemporaneous (or later-produced) records, and the plaintiff himself can testify to his version of any disputed recollections of the examination. As a result, the plaintiff will not be unduly prejudiced by the absence of a third-party witness, and will certainly be in no worse a position in that regard than the defendants in cross-examining the plaintiff's treating psychiatrist.

Accordingly, in the exercise of my discretion under Rule 35, I order that no third person may be present during the psychiatric examination of the plaintiff currently scheduled for October 21, 2005. Plaintiff's counsel requested that the foregoing decision, which was originally made in the course of a hastily-convened telephone conference, be reduced to writing so that he could challenge it. I have done so, and the plaintiff is therefore in a position to seek timely

review under Federal Rule of Civil Procedure 72(a) should he conclude that the instant ruling is clearly erroneous or contrary to law.

**SO ORDERED.**

Dated: Central Islip, New York
October 20, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge
